PASQUALE LAMANNA, PLAINTIFF-RESPONDENT, v. ELIZA-BETH KENNEDY, DEFENDANT-APPELLANT.

Argued May 4, 1943—Decided June 7, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Forster W. Freeman, Jr.,* and *George S. Freeman.*

For the defendant-appellant, *Arthur J. O'Dea.*

The opinion of the court was delivered by

CASE, J. Plaintiff sued to recover for the killing of his chickens by the defendant's dog. The act complained of was committed on plaintiff's premises in the Borough of Park Ridge where there was an ordinance restraining and regulating the running at large of dogs. The complaint alleged scienter, but the proofs disclosed none. At the close of the plaintiff's case the trial court refused to direct a verdict in favor of the defendant. On the contrary it directed a verdict in favor of the plaintiff. Both rulings were upon the ground that proof of scienter was not necessary. The only question on the appeal is whether suit will lie without proof that the defendant had knowledge of the vicious propensity of her dog.

Our courts have repeatedly held that according to the common law the owner of an animal having no natural propensity to be vicious will not be responsible for injuries resulting from the vicious acts of such animal unless it is established that the owner had knowledge, either actual or constructive, of its vicious disposition. *Barnett* v. *Pulda,* 116 *N. J. L.* 141. *Smith* v. *Donohue,* 49 *Id.* 548. That remains the settled law except as it has been changed by statute. Statutes in derogation of the common law rights are to be strictly construed, and we are not to infer that the legislature intended to alter common law principles further than is clearly expressed or than the case absolutely requires. *State* v. *Packard-Bamberger & Co., Inc.,* 123 *Id.* 180; *Tinsman* v. *Belvidere Delaware Railroad Co.,* 26 *Id.* 148 (at *p.* 167).

It is respondent's contention that *R. S.* 4:19-7 does clearly effect a change in the common law in that it provides:

"This article shall not exempt the owner, possessor or harborer of a dog from liability for damage done by it but he is hereby declared to be responsible for such injury. An action at law may be brought by a person for the full amount

of the damages sustained by him and in such action it shall not be necessary to prove that the dog was accustomed to commit the injury complained of or a similar injury. The presentation of a claim for damages to the governing body of a municipality shall constitute a waiver of all claims against the owner."

On a superficial reading the statute seems to have the effect for which the respondent argues, but a closer examination divulges that another section of the same article, *R. S.* 4:19-1, provides that "This article shall not apply to taxing districts wherein the running at large of dogs is or shall be restrained or regulated by ordinance." Not only are section 7 and section 1 within the same chapter and the same article of the Revised Statutes, but they have their sources in the same statute, namely, chapter 149, *Pamph. L.* 1922, "An act for the preservation of sheep, lambs, domestic animals and poultry," which contained equivalent provisions. The effect of section 7 of the revision (section 6 of the 1922 statute) is to save to the person damaged, if he so prefers, the right of suit direct against the owner of the dog rather than to proceed against the municipal fund. We think it is clear both from the original statute and from the restatement thereof in the Revision that the provision under discussion does not apply to taxing districts wherein the running at large of dogs is restrained or regulated by ordinance and therefore that it does not apply to the Borough of Park Ridge where the damage complained of was committed and where there was such an ordinance.

The judgment below will be reversed, with costs.