[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 520 
On July 12, 1947, plaintiff's chickens of the value of $43.53 were destroyed by dogs, and plaintiff thereupon submitted a claim, substantiated by two freeholders, to the defendant municipality for the amount of his loss. The governing body of defendant municipality refused to approve payment of the claim upon the ground that the municipality was not legally liable for the loss and was not authorized by law to pay the claim.
Hence, plaintiff seeks a declaratory judgment:
"(a) To the effect that the defendant is legally liable for the loss suffered by him through the killing of his chickens.
(b) That defendant may legally pay plaintiff's claim for loss out of license fees and other moneys collected by it under the provisions of The Rabies Control Act."
In determining this matter it is necessary to consider two statutes, namely,
The Dog Tax and Liability Act of 1922, being R.S. 4:19-1 to 4:19-9, comprising Article 1 of Chapter 19, of Title 4; and
The Rabies Control Act, being Chapter 151 of the Laws of 1941 (R.S. 4:19-15.1 to 4:19-15.29).
Under article 1 of chapter 19 of Title 4 of the Revised Statutes municipalities are liable to make good losses sustained *Page 521 
by any person by the destruction of his poultry (R.S. 4:19-4), and provision is made for the method of presenting and establishing claims for damages (R.S. 4:19-5); it is further provided that the municipality may maintain an action against the owner of the offending dog to recover the amount of damages allowed by the municipality to the person whose poultry was destroyed (R.S. 4:19-6). However, this article (R.S. 4:19-1 to 4:19-9, inclusive) does not apply to municipalities wherein the running at large of dogs is restrained or regulated by ordinance. R.S. 4:19-1, second paragraph.
It is conceded that the above act was not in effect in the defendant municipality at the time plaintiff's chickens were destroyed, for the reason that the Township of Moorestown, on May 10, 1943, adopted an ordinance regulating the running at large of dogs. See Lamanna v. Kennedy, 130 N.J.L. 223, 32 A.2d 446
(Sup. Ct. 1943).
P.L. 1941, chapter 151 (R.S. 4:19-15.1 to 4:19-15.29), repealed article 2 of chapter 19 of Title 4 of the Revised Statutes (R.S. 4:19-10 to 4:19-15, inclusive), but did not repeal article 1 of that chapter. P.L. 1941, chapter 151, known as "The Rabies Control Act," provides, generally, for the licensing and regulating of dogs and dog kennels by a municipality. Section 11 (R.S. 4:19-15.11) of the act sets forth that the license fees and other moneys received under certain sections of the act, except registration tag fees, shall be used for specified purposes, i.e.,
"for collecting, keeping and disposing of dogs liable to seizure under this act or under local dog-control ordinances; for local prevention and control of rabies; for providing anti-rabic treatment under the direction of the local board of health for any person known or suspected to have been exposed to rabies,for payment of damages to or losses of poultry and domesticanimals, except dogs and cats, caused by a dog or dogs and for administering the provisions of this act." (Italics supplied.)
Plaintiff contends that the defendant municipality is liable for his loss and is authorized to pay his claim by reason of the italicized provision of the above section of the act. *Page 522 
Article 1 of chapter 19 of Title 4 of the Revised Statutes (R.S. 4:19-1 to 4:19-9) should be read in connection withP.L. 1941, chapter 151 (R.S. 4:19-15.1 to 4:19-15.29) and they should be interpreted to give effect to both, if possible. See Whirl-O-Ball, Inc., v. Asbury Park, 136 N.J.L. 316 (E. A. 1947). Unless there is an inescapable repugnancy, they should be construed so as to make one consistent with the other.
Mr. Justice Heher wrote in Modern Industrial Bank v. Taub,134 N.J.L. 260 (E. A. 1946):
"A statute must be construed with reference to the entire system of which it forms a part. Statutes in pari materia are construed as one act, and the whole harmonized, if possible; and statutes upon cognate subjects may be considered in arriving at the legislative intention, though not strictly in pari materia.
This principle is essential to give unity to the laws, and to connect them in a symmetrical system. Implied repealers are not favored in the law. When there is no express repeal, none is presumed to have been intended; and the effect of a new statute upon a long established statutory policy is always in view. If the expression is susceptible of two meanings, that will be adopted which comports with the general public policy of the State, as manifested by its legislation, rather than that which runs counter to such policy. It is to be presumed that the lawmaking body did not intend to disregard or modify a long-settled statutory policy, unless the purpose so to do is declared in certain and unequivocal terms. Lewis' SutherlandStatutory Construction (2d ed.), §§ 267, 443, 447, 448, 487, 516, 581."
It will be noted that the Rabies Control Act (P.L. 1941,chapter 151 (R.S. 4:19-15.1 et seq.)) makes no provision for the presentation of claims for damage to or losses of poultry caused by dogs, the only reference thereto being in section 11, which mentions the payment of such claims as one of the authorized classes of expenditures from the receipts. The act does not create a liability upon the municipality for claims of loss of poultry. In authorizing the expenditure of the receipts under the act for the payment of such claims, section 11 necessarily implies that such claims be properly established under the Dog Tax and Liability Law (R.S. 4:19-1, et seq.)
Therefore, the provision in section 11 of P.L. 1941,chapter 151 (R.S. 4:19-15.1 et seq.), relating to payment *Page 523 
of damage to or losses of poultry caused by dogs, is only applicable to municipalities which have not enacted ordinances restraining or regulating the running at large of dogs. As there are municipalities which have no such ordinances and other municipalities which do have such ordinances, it is consistent to construe the provisions of chapter 151 of P.L. 1941 (R.S.
4:19-15.1 et seq.) as being applicable to municipalities wherein article 1 of chapter 19 of Title 4 of the Revised Statutes (R.S. 4:19-1 et seq.) is applicable and not otherwise.
Moreover, R.S. 40:52-6, which permitted a municipality to "provide that money received from dog licenses or from any ordinance adopted to license, prohibit, restrain and regulate the running at large of dogs," may be used for the payment of damages to the owners of domestic animals and poultry done by dogs, was repealed by P.L. 1941, chapter 151 (R.S. 4:19-15.28).
For the reasons stated, the defendant municipality is not liable for plaintiff's loss and is not authorized by law to pay plaintiff's claim.